Opinion
COLE, P. J.
The People appeal from an order granting a motion to suppress pursuant to Penal Code section 1538.5 and from an order of dismissal which followed the suppression. We reverse, holding that respondent’s flight from lawful detention, into his home, was an exigent circumstance authorizing the officer to enter the home to complete his investigation.
The facts are undisputed. Officer Carreon, an officer with narcotics training and experience, was a passenger in an unmarked police car. From a distance of 15 to 18 feet he saw and recognized 3 individuals, all of whom he had previously arrested for drug offenses on numerous occasions. The individuals were standing in front of respondent’s home, and Officer Carreon knew it was respondent’s home. The car came to a stop five to six feet from the three individuals. Officer Carreon saw that respondent had droopy eyelids, and appeared sedated. At this point one of the other individuals reached his hand out toward respondent. The officer thought that a narcotics transaction was about to occur. At this moment they heard the vehicle, saw the officers and turned and ran, two of the three running into respondent’s house. It appeared to the officer that respondent had slow motor movements. The officer, wearing his badge, said “Hold it. Police Officer.” One of those running tried to close the door. The officer followed into the house. There he observed other symptoms of respondent sufficient to justify the latter’s arrest for being under the influence of an opiate.
The trial court held that it believed the officer’s testimony. It noted that there was probable cause to detain prior to flight into the house, but that the officer “did not feel” he had probable cause to *Supp. 11 arrest.[1] Relying on People v. Apodaca (1975) 54 Cal.App.3d Supp. 6 [126 Cal.Rptr. 781], and stating a belief that the defendant had the right to leave the location where he was and to enter his residence, the trial court granted the motion.
We disagree. It is not disputed by the parties that the officer had probable cause to detain respondent for investigation, following his observations outside the house. Given his knowledge of the respondent and his observations outside the house, he could (and did) have a rational belief that respondent was then connected with criminal activity, sufficient to justify a “detention for reasonable investigative procedures.” (People v. Flores (1974) 12 Cal.3d 85, 91 [115 Cal.Rptr. 225, 524 P.2d 353]; see In re Tony C, fn. 1, supra.) “A suspect does not possess the right to resist a lawful detention.” (People v. Superior Court (Bowden) (1976) 65 Cal.App.3d 511, 523 [135 Cal.Rptr. 306].) Therefore, the respondent had no right to run into his house, and his conduct constituted flight.
Flight at the approach of a police officer may properly be considered as indicative of a consciousness of guilt. (People v. Levy (1971) 16 Cal.App.3d 327, 334 [94 Cal.Rptr. 25].) Given the fact that there were circumstances indicating to Officer Carreon that respondent was engaged in a narcotics transaction, the officer was duty bound to investigate further. Faced with the fact that a guilty mind was shown when respondent ran into the house (see Sibron v. New York (1968) 392 U.S. 40, 66-67 [20 L.Ed.2d 917, 937, 88 S.Ct. 1889]), the officer had only one of three choices: give up his investigation, order respondent out of the house, or follow respondent into the house. The latter was a lawful choice. (See People v. Superior Court (Bowden) (1976) supra, 65 Cal.App.3d 511, 522.)
In Bowden, 65 Cal.App.3d at pages 518 and 522, officers were investigating felony offenses, including the suspected storage of stolen items in a garage adjacent to a house. There was probable cause to detain, but not to arrest. Two persons came out of the garage, saw an *Supp. 12 officer, yelled “Look out! The cops!” and fled back into the garage. The officer said “Hold it!” but the persons did not obey. The officer then heard noises in the garage and ordered those inside to come out, which they eventually did. The court held that it was reasonable for him to give the order, stating in dictum that it would have been lawful to follow the two fleeing defendants into the garage.
In People v. Bigham (1975) 49 Cal.App.3d 73, 80, 81 [122 Cal.Rptr. 252], officers went to a house to investigate defendant’s narcotics activities. The defendant saw them, “spun around” and ran to the garage in which he lived, yelling “Jesus Christ, the cops.” The officers told him to stop, calling that he was under arrest. The Court of Appeal held that there was probable cause to arrest at that moment, and upheld the conduct of the officers, in fresh pursuit, in entering into his home, specifically stating that the converted garage was treated as living quarters and describing it as a home.
These cases point the way here. People v. Superior Court (Bowden), supra, is a detention case, as is this one, but involved a garage, not a home. People v. Bigham, supra, is an arrest case, but did involve a home. The common element is the fresh pursuit necessary to enable the officers to accomplish their lawful purpose. It is true that suspected felonies were involved in each case, while here we are concerned with a potential misdemeanor offense. We fail to see why that should make a difference in the context of fresh pursuit. We know of no principle of law which says that a fresh pursuit can be carried on in the case of a felony, but not a misdemeanor. Logic dictates that so far as the right to follow a fleeing suspect into a structure is concerned there should be no constitutional distinction drawn.
Respondent relies on People v. Ramey (1976) 16 Cal.3d 263 [127 Cal.Rptr. 629, 545 P.2d 1333]; certiorari denied (1976) 429 U.S. 929 [50 L.Ed.2d 299, 97 S.Ct. 335]. Pointing up the traditional sanctity of a home “ ‘in our Anglo-Saxon heritage’ ” the court held “that warrantless arrests within the home are per se unreasonable in the absence of exigent circumstances.''’ (16 Cal.3d at pp. 272, 276; italics added.) It is the very presence of exigent circumstances—the “hot pursuit” brought about by respondent’s flight—that caused Officer Carreon to follow respondent in order to detain him and complete the investigation. Thus, Ramey, supra, is of no assistance to respondent.
*Supp. 13 Likewise, People v. Apodaca, supra, 54 Cal.App.3d Supp. 6, is inapposite. There an officer entered a residence to make an investigation based on the “ ‘strong probability that there was narcotics activity occurring inside.’ ” (Id., at p. Supp. 9.) But, in Apodaca “[t]here was no evidence . . . that there was any ‘hot pursuit.’ ” (Ibid.) Thus, the case is not applicable.
The orders appealed from are reversed.
Pacht, J., and Bigelow, J., concurred.
A petition for a rehearing was denied October 16, 1978.

The officer’s subjective opinion that he had probable cause to arrest is a matter with which “the courts are unconcerned” (Agar v. Superior Court (1971) 21 Cal.App.3d 24, 29 [98 Cal.Rptr. 148]) since it is the officer’s subjective belief that a crime has been committed which is evaluated to see if there is probable cause to arrest. (Id.) In the case of a detention, this officer must subjectively entertain a suspicion that some activity relating to crime has taken place or is occurring or about to occur and that the person he intends to stop is involved in that activity. Such suspicion must be objectively reasonable, that is, based on facts which would cause a reasonable police officer in a like position, drawing on his training and experience when appropriate, to suspect the same criminal activities and involvement. (In re Tony C. (1978) 21 Cal.3d 888 [148 Cal.Rptr. 366,582 P.2d 957].)