[No. B034921. Second Dist., Div. Five. Dec. 29, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIE GENE LLOYD, JR., Defendant and Appellant.

**COUNSEL**

Ardy V. Barton, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Donald J. Oeser and Susan Lee Frierson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LUCAS, P. J.**—Willie Gene Lloyd, Jr., appeals from an order finding him to be in violation of probation on two prior cocaine-related felony convictions. We affirm.

## FACTS

At approximately 9 p.m. on December 14, 1987, Police Officer Edmond Burns saw appellant's brother, Calvin Lloyd, drive through a red light. Officer Burns activated the lights on his motorcycle to have Calvin pull over. Calvin looked in his mirror, then over his shoulder, but kept going. Officer Burns turned on his siren. Calvin speeded up to about 50 m.p.h. and drove through a stop sign. He then pulled up alongside a curb near 5004 Second Avenue.

Calvin leaned forward toward the floor board of the car, raised back up, then got out of the car, carrying a small brown paper bag. Officer Burns asked him for his driver's license and car registration. Calvin replied that he had not done anything and that the officer was not going to write him a "damn ticket." He walked at a fast pace to the house just next door to 5004 Second Avenue.

He entered the house and came back out in less than a minute without the paper bag. During that time, Officer Burns put out a call for backup units; he intended to issue a traffic citation to Calvin. Calvin went next door to 5004 Second Avenue, later determined to be his residence, opened the door and yelled inside. His father, William Lloyd, Sr., and brother, appellant Willie Lloyd, Jr., appeared at the front door.

Officer Burns approached the open front door to the enclosed porch area with backup Officer Hills. Burns explained to Mr. Lloyd, in the presence of Calvin and appellant, that Calvin had committed a traffic violation and that they were going to issue him a citation and be on their way. As Officer Burns spoke, Calvin proceeded to walk inside the house. Mr. Lloyd told the officers they couldn't come in without a warrant. Appellant, too, told the officers they couldn't come in the house, that they had to have a warrant. He said the officers were going to be sued.

As Calvin proceeded toward the second door leading into the main part of the house, the officers tried to go inside the residence to get him. Appellant then started wrestling with the officers, pushing and shoving them to keep them from getting inside. He tried to close the door on them. He grabbed Officer Hills around the shoulder area to push him out. The two officers grabbed appellant and pulled him to the outside of the house. They handed appellant over to some other officers, returned to the house and apprehended Calvin.

Appellant was arrested for interfering with a police officer, but the city attorney did not file charges. Instead, the district attorney brought a peti-

tion for hearing on violation of probation on two previous convictions. The court found him to be in violation of probation in both cases. Probation was revoked, and then reinstated with the modification that appellant was to serve 30 days in county jail in each case, said sentences to run concurrently, and that he was to perform 100 hours of community service in each case, for a total of 200 hours. He appeals from this order.

## DISCUSSION

 Appellant contends that inasmuch as the police made an unlawful warrantless entry into his home to issue a traffic citation, he did not commit a crime in obstructing their entry. The facts do not support this assertion.

 Under the Fourth Amendment to the United States Constitution and article I, section 13 of the California Constitution, a warrantless entry by the police into a residence to seize a person is presumptively unreasonable and unlawful in the absence of exigent circumstances. (*Payton* v. *New York* (1980) 445 U.S. 573, 576-583 [63 L.Ed.2d 639, 644-649, 100 S.Ct. 1371]; *People* v. *Ramey* (1976) 16 Cal.3d 263, 275-276 [127 Cal.Rptr. 629, 545 P.2d 1333].) "In this context, 'exigent circumstances' means an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence. There is no ready litmus test for determining whether such circumstances exist, and in each case the claim of an extraordinary situation must be measured by the facts known to the officers." (*Id.* at p. 276.)

 One type of exigent circumstances has been recognized where an arrest or detention based on probable cause is begun in a public place, but the suspect retreats into a private place in an attempt to thwart the arrest. In *United States* v. *Santana* (1976) 427 U.S. 38, 42-43 [49 L.Ed.2d 300, 305, 96 S.Ct. 2406], the United States Supreme Court held that a suspect may not defeat an otherwise lawful arrest which has been set in motion in a public place by the expedient of escaping into a private place. In *Santana,* the suspect was standing directly in the doorway of her house when the police drove up. As the officers approached, she retreated into the vestibule of the house. The officers followed through the open door and caught her in the vestibule. The court explained that for Fourth Amendment purposes, when the suspect was standing in the threshold of her dwelling, she was in a public place, as exposed to public view, speech, hearing and touch as if she had been completely outside. Thus, when the police sought to arrest her while she was standing there, it was simply a warrantless arrest of an individual in a public place upon probable cause, which did not violate the Fourth Amendment. (*United States* v. *Watson* (1976) 423 U.S. 411, 423-424

[46 L.Ed.2d 598, 609, 96 S.Ct. 820].) The very brief " 'hot pursuit' " of the suspect justified the warrantless entry into her house. (*United States* v. *Santana, supra,* 427 U.S. at pp. 42-43 [49 L.Ed.2d at p. 305].)

A similar result was reached in *People* v. *Abes* (1985) 174 Cal.App.3d 796, 806-807 [220 Cal.Rptr. 277], where the suspect was in a stairwell outside her apartment at the time the police officer identified himself, started up the stairs and ordered her to come down. The suspect looked in the officer's direction, turned and fled into the apartment, closing the door behind her. The court found that under the totality of the circumstances, the police officer had reasonable suspicion that the suspect was connected with criminal activity sufficient to justify a detention for reasonable investigative procedures. This ripened into probable cause to arrest when the suspect resisted the lawful detention by fleeing from the police officer. A suspect has no right to resist a lawful detention. (*People* v. *Superior Court (Bowden)* (1976) 65 Cal.App.3d 511, 523 [135 Cal.Rptr. 306].) Inasmuch as the police had probable cause to arrest the suspect as she entered her apartment and closed the door, the court held that she could not frustrate the arrest by fleeing from a public place into her home. (*People* v. *Abes, supra,* 174 Cal.App.3d at pp. 805-806.)

The facts before us compel the same conclusion. In this case, Calvin was outside and had just gotten out of his car and locked it when the uniformed officer requested his driver's license and registration. This detention, adequately justified by the traffic violations committed in the officer's presence (*People* v. *Podesto* (1976) 62 Cal.App.3d 708, 715 [133 Cal.Rptr. 409]), clearly began in a public place. Calvin refused to comply with the identification request, quickly walked away from the officer and proceeded first into a neighbor's house and then into his own. With no right to resist this lawful detention (*People* v. *Superior Court (Bowden), supra,* 65 Cal.App.3d at p. 523), Calvin's conduct in quickly walking away from the officer rather than complying with the demand for identification provided the officer with probable cause to arrest him. (Pen. Code, § 148.) Under these circumstances, the officer's " 'hot pursuit' " into the house to prevent the suspect from frustrating the arrest which had been set in motion in a public place constitutes a proper exception to the warrant requirement. (*United States* v. *Santana, supra,* 427 U.S. at p. 43 [49 L.Ed.2d at pp. 305-306]; *People* v. *Abes, supra,* 174 Cal.App.3d at pp. 806-807.)

We find no merit in appellant's argument that the minor nature of Calvin's offense precludes our finding of exigent circumstances. The cases which discuss limitation of the " 'hot pursuit' " exception to felonies, or to grave or serious crimes (e.g., *Welsh* v. *Wisconsin* (1984) 466 U.S. 740, 749-750 [80 L.Ed.2d 732, 742-743, 104 S.Ct. 2091]; *People* v. *Escudero* (1979) 23

Cal.3d 800, 810-811 [153 Cal.Rptr. 825, 592 P.2d 312]; *People* v. *Keltie* (1983) 148 Cal.App.3d 773, 779 [196 Cal.Rptr. 243]), do not involve pursuit into a home after the initiation of a detention or arrest in a public place. Thus, they are not applicable to the situation before us. Where the pursuit into the home was based on an arrest set in motion in a public place, the fact that the offenses justifying the initial detention or arrest were misdemeanors is of no significance in determining the validity of the entry without a warrant. (*People* v. *Abes, supra,* 174 Cal.App.3d at p. 807; see also *People* v. *Hampton* (1985) 164 Cal.App.3d 27, 33-34 [209 Cal.Rptr. 905].)

It is clear that a suspect may not defeat a detention or arrest which is set in motion in a public place by fleeing to a private place. (*United States* v. *Santana, supra,* 427 U.S. at p. 43 [49 L.Ed.2d at pp. 305-306]; *People* v. *Abes, supra,* 174 Cal.App.3d at pp. 806-807.) Thus, the police were acting lawfully in seeking warrantless entry into appellant's home to complete their detention of Calvin which had been set in motion in a public place, and appellant was not justified in interfering with their actions.

### DISPOSITION

The order is affirmed.

Ashby, J., and Boren, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 22, 1990. Lucas, C. J., did not participate therein. Mosk, J., was of the opinion that the petition should be granted.