[No. E006651. Fourth Dist., Div. Two. June 12, 1990.]

In re LAVOYNE M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
LAVOYNE M., Defendant and Appellant.

156

**COUNSEL**

Ann L. Lipson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Rudolf Corona, Jr., and Tim Nader, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DABNEY, J.**—The district attorney filed a petition in juvenile court alleging that minor, Lavoyne M., possessed a controlled substance, rock cocaine, for sale (Health & Saf. Code, § 11351) and requesting that minor be ad-

judged a ward of the juvenile court pursuant to Welfare and Institutions Code section 602. Minor was on probation from a previous petition at the time of the offense. The court denied minor's motion to suppress evidence (Pen. Code, § 1538.5), and found the allegation of the petition as amended to possession of cocaine (Health & Saf. Code, § 11350) to be true. The court determined that minor came within Welfare and Institutions Code sections 602 and 777, subdivision (a) and set the maximum period of confinement at five years and eight months. On appeal minor contests the denial of his motion to suppress evidence.

## FACTS

Officer Wilson was dispatched to investigate a blue Cadillac. He noticed a black Cadillac sliding sideways slightly as it turned and suspected it was the vehicle he was dispatched to investigate. Wilson followed the Cadillac and noticed that it failed to stop at a stop sign. Wilson requested assistance from Sergeant Poyzer who followed the Cadillac as it failed to stop at another stop sign. Poyzer activated his lights and siren but the car did not stop. The Cadillac stopped in front of a house, and the passenger got out and ran into the house. The passenger ignored Poyzer's order "to hold still right there." When minor exited the driver's side of the car and ran into the house, Poyzer recognized him from prior contact with minor. Poyzer knew that minor was too young to have a driver's license which indicated to Poyzer a violation of Vehicle Code section 12500, subdivision (a), driving without a license. Poyzer immediately followed minor into the house. The screen door had not closed yet as Poyzer ran through it. Poyzer found minor inside a bedroom and arrested him. Poyzer handcuffed minor and turned him over to another officer at which time the cocaine was discovered. Minor's aunt testified that minor ran into her house when Poyzer attempted to stop him. She testified that minor sleeps at her house three or four nights a week, occasionally keeps clothes there, and has the authority to bring people into the house or prevent people from entering it. She testified that when Poyzer pursued minor into her house, she was standing in the doorway, and Poyzer moved her when he entered. Poyzer testified in rebuttal that no one was standing in the doorway when he entered the house.

## DISCUSSION

## I

### Warrantless Arrest

Defendant argues that the court erred in denying his motion to suppress the cocaine discovered as a result of his warrantless arrest in his

aunt's house. The court ruled the minor had standing to contest the matter after the aunt's testimony concerning minor's part-time residency in the house. That issue is not contested here.

"In ruling on [a motion to suppress], the trial court (1) finds the historical facts, (2) selects the applicable rule of law, and (3) applies the latter to the former to determine whether the rule of law as applied to the established facts is or is not violated. [Citations.] 'The [trial] court's resolution of each of these inquiries is, of course, subject to appellate review.' [Citations.] [¶] The court's resolution of the first inquiry, which involves questions of fact, is reviewed under the deferential substantial-evidence standard. [Citations.] Its decision on the second, which is a pure question of law, is scrutinized under the standard of independent review. [Citations.] Finally, its ruling on the third, which is a mixed fact-law question that is however predominantly one of law, viz., the reasonableness of the challenged police conduct, is also subject to independent review. [Citations.]" (*People* v. *Williams* (1988) 45 Cal.3d 1268, 1301 [248 Cal.Rptr. 834, 756 P.2d 221].)

The warrantless entry into a home to arrest someone is an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution absent probable cause and an exigent circumstance. (*Payton* v. *New York* (1980) 445 U.S. 573, 589-590 [63 L.Ed.2d 639, 652-653, 100 S.Ct. 1371].) The Attorney General relies on the exigency of hot pursuit to justify the warrantless arrest because there was an immediate and continuous pursuit of minor from the traffic violations which the officer witnessed. (*Welsh* v. *Wisconsin* (1984) 466 U.S. 740, 753 [80 L.Ed.2d 732, 745, 104 S.Ct. 2091].)

Minor responds that *Welsh* expressly does not apply to minor infractions (*Welsh, supra,* 466 U.S. at pp. 749, fn. 11, 750, 753 [80 L.Ed.2d at pp. 743-745]) and that the court must look at the underlying nature of the offense to determine whether an exigency exists. (*Id.,* at p. 751 [80 L.Ed.2d at p. 744].) Minor asserts that the Vehicle Code violations which provide the probable cause for his arrest were minor offenses not justifying a warrantless arrest under the hot pursuit theory. Minor violated Vehicle Code section 22450, failure to stop at a stop sign which is an infraction, twice; Vehicle Code section 12500, subdivision (a), driving without a license which is a misdemeanor (Veh. Code, §§ 40000.11, subd. (b), 42002); and Penal Code section 148, for failing to yield which is a jailable offense.

The Attorney General distinguishes *Welsh* stating that the court declined to apply the hot pursuit doctrine in that case because Wisconsin classified the involved offense as a civil offense while the violations in this case involve

jailable criminal offenses. In addition, the *Welsh* court determined that there was not a true hot pursuit in that case. (*Welsh, supra,* 466 U.S. at p. 753 [80 L.Ed.2d at p. 745].)

The Attorney General also cites *United States* v. *Santana* (1976) 427 U.S. 38 [49 L.Ed.2d 300, 96 S.Ct. 2406] which held that "a suspect may not defeat an arrest which has been set in motion in a public place . . . by the expedient of escaping to a private place." (*Id.,* at p. 43 [49 L.Ed.2d at p. 306].) *Santana* involved a felony but did not discuss whether its holding was limited to felonies.

In the present case, officers originally sought to detain minor in a public place for traffic violations committed in their presence. (*People* v. *Lloyd* (1989) 216 Cal.App.3d 1425, 1429 [265 Cal.Rptr. 422], petn. for cert. filed Mar. 26, 1990.) Minor's refusal to comply with the attempts to detain him provided probable cause for the officer to arrest him. (Pen. Code, § 148; *Lloyd, supra,* 216 Cal.App.3d at p. 1429.) Under these circumstances, hot pursuit of minor into his house to prevent him from frustrating an arrest began in public provides an exception to the warrant requirement. (*Lloyd, supra,* 216 Cal.App.3d at p. 1429.)

Several California cases hold that the minor nature of an offense does not preclude a finding of exigent circumstances in a situation such as the present one. *People* v. *Sanchez* (1978) 86 Cal.App.3d Supp. 8 [150 Cal.Rptr. 772] was a pre-*Welsh* case which found "no principle of law which says that a fresh pursuit can be carried on in the case of a felony, but not a misdemeanor." (*Id.,* at p. Supp. 12.) *Lloyd, supra,* 216 Cal.App.3d at pages 1429-1430 and *People* v. *Abes* (1985) 174 Cal.App.3d 796, 807 [220 Cal.Rptr. 277] both stated that the fact that the offense was a misdemeanor was of no significance and found *Welsh* inapplicable. Both *Abes* and *Lloyd* cited *People* v. *Hampton* (1985) 164 Cal.App.3d 27 [209 Cal.Rptr. 905] in support of their holdings. However, *Hampton* found *Welsh* distinguishable because California treats the offense in *Hampton,* drunk driving, as a jailable criminal offense while Wisconsin in *Welsh* treated it as a civil offense. *Hampton* looked at the possible punishment for the offense and the reasons that the act was prohibited. (*Id.,* at pp. 33-35.)

Applying the *Hampton* court's logic here, defendant's offenses included criminal violations punishable with jail time. The reasons for prohibiting drunk driving (the offense in *Hampton*), to protect the public by preventing automobile accidents, are the same reasons as those for prohibiting people from ignoring stop signs and driving without a license. We therefore determine, as did the court in *Hampton,* that the exigency of hot pursuit applies and justified the entry to arrest.

## II

## Penal Code Section 844

■ Defendant contends that Officer Poyzer's failure to comply with the knock-and-notice requirements of Penal Code section 844 invalidates his arrest and the subsequent seizure of evidence. "To make an arrest . . . a peace officer . . . may break open the door or window of a house in which the person to be arrested is . . . after having demanded admittance and explained the purpose for which admittance is desired." (Pen. Code, § 844.)

Compliance with this statute may be excused in the case of an exigency. (*Ker* v. *California* (1963) 374 U.S. 23, 37-41 [10 L.Ed.2d 726, 740-743, 83 S.Ct. 1623].) When an officer is in hot pursuit of a suspect, compliance with the knock-notice statute is excused. (*People* v. *Superior Court* (*Quinn*) (1978) 83 Cal.App.3d 609, 616 [147 Cal.Rptr. 921].) Notice was unnecessary because minor obviously knew Poyzer was a police officer since Poyzer was in a police car with lights and siren on when he pursued minor. Poyzer's purpose for entering the house was obvious because he had attempted to pull minor over in the Cadillac and had shouted for minor's passenger to stop when he alighted from the Cadillac. Minor's conduct in refusing to stop rendered futile any demand for entrance. (*Ibid.*) Under these circumstances, the failure to knock and give notice is excused.

Because we have determined that compliance with the knock-and-notice requirements was not required, it is unnecessary to discuss the Attorney General's contentions regarding the use of Penal Code section 844 violations to suppress evidence.

### DISPOSITION

The judgment is affirmed.

McDaniel, Acting P. J., and Timlin, J., concurred.

A petition for a rehearing was denied June 28, 1990, and appellant's petition for a review by the Supreme Court was denied August 23, 1990.