57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eutimio OREGEL, Jr., Javier Oregel, Mary Oregel, Plaintiffs-Appellants,
v.
Richard HASSNA, Oakland Police Officer; Terrence McCrea,
Oakland Police Officer; City of Oakland,
Defendants-Appellees.
 No. 93-16353.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1994.
Decided May 25, 1995.
 
 Before: SKOPIL, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs raise two issues on appeal. They claim that the district court erred by: (1) refusing to hold as a matter of law that the warrantless entry violated the Fourth Amendment; and (2) imposing judgment as a matter of law setting aside Mary Oregel's punitive damages award. Defendants, on the other hand, request sanctions against the plaintiffs for filing a frivolous appeal.
 
 
 3
 * Plaintiffs first argue that two police officers violated the proscription of Payton v. New York, 445 U.S. 573, 588-90 (1980), by entering their family's residence without exigent circumstances and without probable cause. Because we hold that the officers are entitled to qualified immunity,[1] we affirm the denial of plaintiffs' summary judgment motion.[2]
 
 
 4
 For qualified immunity purposes, the question of exigent circumstances turns on whether, as of July 13, 1988, a reasonable officer could have believed that relevant law permitted him to follow a misdemeanor suspect into his residence without a warrant to complete an arrest begun in public. See Mendoza v. Block, 27 F.3d 1357, 1360 (9th Cir. 1994).
 
 
 5
 Reviewing all available decisional law,[3] we conclude that the law in this area was unsettled at the time of the alleged violation. In 1976, the Supreme Court held, without distinguishing between felony and misdemeanor suspects, that police officers may follow a suspect into a private residence to complete an arrest begun in a public place. United States v. Santana, 427 U.S. 38, 43 (1976).
 
 
 6
 We know of no published federal circuit court decision that has even considered whether Santana should be limited to the pursuit of fleeing felony suspects. Indeed, the only cases to consider this question militate against such a limitation.[4] See People v. Abes, 174 Cal. App. 3d 796, 807, 220 Cal. Rptr. 277 (1985) (if an officer has probable cause to arrest, the "fact it was a misdemeanor is of no significance in determining the validity of the entry without a warrant"); People v. Hampton, 164 Cal. App. 3d 27, 36, 209, Cal. Rptr. 905 (intimating in dicta that Santana applies to all offenses, serious or minor), cert. denied, 474 U.S. 825 (1985).
 
 
 7
 Accordingly, we conclude that a reasonable officer could have believed in July, 1988 that the warrantless entry into the Oregel residence to complete the arrest of Javier Oregel begun in public did not violate the Fourth Amendment.
 
 
 8
 Plaintiffs also argue that the officers did not have probable cause to arrest Javier Oregel. In the context of qualified immunity, the question is whether a reasonable officer could have believed probable cause existed. Hunter v. Bryant, 502 U.S. 224, 226 (1991). This standard is easily met here.
 
 
 9
 Defendants observed Javier smoking what appeared to them to be a marijuana cigarette. After seeing the officers, Javier attempted to conceal an open container of alcohol behind his leg and, when they called for Javier to stop, he turned his back and ran into the house. We cannot say that no reasonable officer making these observations could have believed he had probable cause to arrest Javier for possession of marijuana, an open container violation, or resisting arrest. See United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.), cert. denied, 476 U.S. 1185 (1986). Accordingly, we affirm the denial of summary judgment.
 
 II
 
 10
 Plaintiff Mary Oregel also claims that the district court erred by setting aside her award of punitive damages as a matter of law. At the close of evidence, defendants moved for judgment as a matter of law under Rule 50(a). The court denied the motion, but refused plaintiffs' request to cure the deficiency in proof before submitting the case to the jury. After trial, the district court granted defendants' Rule 50(b) motion for judgment as a matter of law because plaintiffs did not carry their burden of presenting evidence of defendants' financial condition to the jury. See Adams v. Murakami, 54 Cal.3d 105, 119 (1991); see also Morgan v. Woessner, 997 F.2d 1244, 1259 (9th Cir. 1993), cert. dismissed, 114 S.Ct. 671 (1994).
 
 
 11
 However, plaintiffs failed to carry their burden precisely because the district court did not allow them to present the necessary evidence. The court refused plaintiffs' request even though the very purpose of a Rule 50(a) motion is "alerting the opposing party to the alleged insufficiency of the evidence at a point in the trial where that party may still cure the defect by presenting further evidence."[5] Farley Transp. Co. v. Santa Fe Trail Transp. Co., 786 F.2d 1342, 1345-47 (9th Cir. 1985); see also Lifshitz v. Walter Drake & Sons, Inc., 806 F.2d 1426, 1428-30 (9th Cir. 1986); Alaska United Gold Min. Co. v. Keating, 116 F. 561 (9th Cir. 1902).
 
 
 12
 Here, defendants made the required Rule 50(a) motion, apprising the plaintiffs of the deficiency in their proof. But having denied plaintiffs the opportunity to cure this deficiency, the district court erred by entering judgment as a matter of law after the verdict on the basis of this insufficiency. The judgment is therefore vacated to the extent it denies Mary Oregel punitive damages as a matter of law.
 
 III
 
 13
 Defendants request that we impose sanctions against the plaintiffs, pursuant to Federal Rule of Appellate Procedure 38, for filing a frivolous appeal. An appeal is considered frivolous, however, only "if the result is obvious or the appellant's arguments are wholly without merit." Wilks v. Reyes, 5 F.3d 412, 416 (9th Cir. 1993) (quoting Adriana International Corp. v. Theoren, 913 F.2d 1406, 1417 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991)). We do not consider plaintiffs' claims to be frivolous.
 
 
 14
 We AFFIRM in part and VACATE in part. Defendants' request for sanctions is DENIED. Each party is ordered to bear its own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Plaintiffs also contend that under Act Up!/Portland v. Bagley, 988 F.2d 868 (9th Cir. 1993), the question of qualified immunity may not be presented to the jury under any circumstances. This contention is without merit. Act Up!/Portland addresses whether a defendant should be relieved from going to trial, not whether a plaintiff may deprive a defendant from the opportunity to raise a defense of qualified immunity
 
 
 [2]
 The district court denied summary judgment on the ground that there was no violation of the Fourth Amendment. We may affirm, however, "on any basis supported by the record even if the district court did not rely on that basis." United States v. State of Washington, 969 F.2d 752 (9th Cir. 1992), cert. denied, 113 S. Ct. 1945 (1993)
 
 
 [3]
 To determine whether the law was "clearly established", we review "all available decisional law including decisions of state courts, other circuits, and district courts." Vaughan v. Ricketts, 859 F.2d 736, 739 (9th Cir. 1988) (quotation omitted), cert. denied, 490 U.S. 1012 (1989)
 
 
 [4]
 Since 1988, California courts have made it clear that they believe Santana applies to misdemeanors. "Where the pursuit into the home was based on an arrest set in motion in a public place, the fact that the offenses justifying the initial detention or arrest were misdemeanors is of no significance in determining the validity of the entry without a warrant." People v. Lloyd, 216 Cal.App.3d 1425, 1430 (1989) (upholding warrantless entry to issue a citation for traffic violations because the suspect refused to produce his driver's license), cert. denied, 497 U.S. 1026 (1990); see also In re Lavoyne M., 221 Cal.App.3d 154, 158-59 (1990) (exigency of hot pursuit justified entry to arrest suspect for failure to stop at a stop sign, driving without a license, and resisting an officer--all misdemeanors). Although these cases had not been decided at the time of the alleged violation in this case, they bolster our conclusion that a reasonable officer could have interpreted the law at that time to excuse their warrantless entry, without regard to the severity of the offenses committed
 
 
 [5]
 The advisory committee's notes to the 1991 amendments to Rule 50 caution that: "In no event ... should the court enter judgment against a party who has not been apprised of the materiality of the dispositive fact and been afforded an opportunity to present available evidence bearing on that fact."