Filed 12/20/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR GREGORY LANGE,<br><br>     Defendant and Appellant. | A157169<br><br>(Sonoma County<br>Super. Ct. No. SCR699391) |

In a nonpublished decision filed October 30, 2019, we affirmed the trial court's denial of the motion to suppress evidence filed by defendant Arthur Gregory Lange. (*People v. Lange* (Oct. 30, 2019, A157169) [nonpub. opn.] p. 1.) Rejecting defendant's challenge, we held in relevant part that an " 'officer's " 'hot pursuit' " into the house to prevent the suspect from frustrating the arrest' " is always permissible under the exigent circumstances exception to the warrant requirement. (*People v. Lange, supra*, A157169, at pp. 8, 13.) After defendant unsuccessfully petitioned the California Supreme Court for review, the United States Supreme Court (Supreme Court) granted his petition for writ of certiorari.

On June 23, 2021, our highest court issued *Lange v. California* (2021) ___ U.S. ___ [210 L.Ed.2d 486, 141 S.Ct. 2011], holding that the "flight of a suspected misdemeanant does not always justify a warrantless entry into a home" and that an "officer must consider all the circumstances in a pursuit case to determine whether there is a law enforcement emergency [justifying

1

entry]." (*Lange v. California, supra*, 210 L.Ed.2d at p. 500.) The Supreme Court then vacated our prior decision and transferred this case back to us to reconsider defendant's challenge in light of its opinion. (*Id.* at pp. 500–501.)

To comply with this instruction, we ordered the parties to file supplemental briefing addressing the impact of the Supreme Court's new precedent on the issues raised in this appeal. Having considered the parties' supplemental briefs, we again affirm the lower court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

The following brief recitation of facts is taken from our prior, nonpublished opinion (*People v. Lange, supra*, A157169) and *Lange v. California, supra*, 210 L.Ed.2d 486.

## I.     *The Search and Seizure.*

About 10:20 p.m. on October 7, 2016, defendant drove past California Highway Patrol Officer Aaron Weikert on a road in Sonoma County. Officer Weikert noticed defendant was blaring loud music and honking unnecessarily, violations of Vehicle Code sections 27007 and 27001, respectively. (*People v. Lange, supra*, A157169, at pp. 2, 11.)

Officer Weikert followed defendant, turning on his overhead lights to signal that defendant should pull over. Just seconds later, defendant arrived at the driveway of his home. Rather than pulling over, defendant drove up his driveway and into his attached garage. Officer Weikert followed defendant into the garage and began questioning him. Defendant appeared intoxicated, prompting the officer to conduct field sobriety tests, which defendant failed. A subsequent blood test showed defendant's blood-alcohol content was over three times the legal limit. (*People v. Lange, supra*, A157169, at pp. 2–3; *Lange v. California, supra*, 210 L.Ed.2d at p. 491.)

## II.    *The Motion to Suppress.*

After defendant was charged with driving under the influence of alcohol and operating a vehicle's sound system at excessive levels, he moved to suppress all evidence collected by the officer after he entered defendant's attached garage.  (*Lange v. California, supra*, 210 L.Ed.2d at p. 491.)  Defendant argued the officer's warrantless entry violated the Fourth Amendment.  The prosecution countered that (1) the officer had probable cause to arrest defendant for the misdemeanor of failing to comply with a police signal (Veh. Code, § 2800, subd. (a)) and (2) the pursuit of a suspected misdemeanant categorically qualified as an exigent circumstance authorizing a warrantless home entry.  (*Lange v. California, supra*, 210 L.Ed.2d at p. 491.)

On May 3, 2017, the trial court denied defendant's motion to suppress.  (*People v. Lange, supra*, A157169, at p. 4.)  After the appellate division upheld this ruling, he successfully filed a petition to transfer the case to our court.  (*Id.* at p. 5.)

## III.    *Appellate Review.*

### A.    California Court of Appeal and Supreme Court.

As mentioned, our nonpublished opinion affirming the denial of defendant's motion to suppress was filed October 30, 2019.  (*People v. Lange, supra*, A157169, at p. 1.)  On February 11, 2020, the California Supreme Court denied defendant's petition for review.  (*People v. Lange, supra*, review den. Feb. 11, 2020, S259560.)

### B.    United States Supreme Court.

On July 10, 2020, defendant petitioned the Supreme Court for writ of certiorari.  The court granted defendant's petition to resolve the conflict among state and federal courts regarding whether hot pursuit of a suspected

3

misdemeanant categorically qualifies as an exigent circumstance sufficient to permit an officer's warrantless entry into the suspect's home. After the court granted certiorari, the State of California declined to defend the categorical rule adopted by this court. The Supreme Court thus appointed amicus curiae to do so. (*Lange v. California, supra*, 210 L.Ed.2d at p. 492.)

Following briefing and argument, the Supreme Court rejected a categorical rule in hot pursuit cases that would permit warrantless entry into the home of a suspected misdemeanant. Instead, the court held that whether a misdemeanor pursuit "involve[s] exigencies allowing warrantless entry" must "turn[] on the particular facts of the case." (*Lange v. California, supra*, 210 L.Ed.2d at p. 491.)

The Supreme Court thus vacated our judgment in *People v. Lange, supra*, A157169, and remanded the case back to us for further proceedings. (*Lange v. California, supra*, 210 L.Ed.2d at pp. 500–501.) Accordingly, in August 2021, we instructed the parties to provide supplemental briefing as to the impact of the high court's ruling on this appeal. We turn now to the issues raised therein.

## DISCUSSION

On remand, the People do not argue in light of *Lange v. California* that the record established a case-specific exigency that justified the officer's entry into defendant's home. (See *Lange v. California, supra*, 210 L.Ed.2d at p. 491.) Instead, the People now argue the officer's entry was justified because he acted in reasonable reliance on then binding California appellate precedent (*People v. Lloyd* (1989) 216 Cal.App.3d 1425, 1428–1430 (*Lloyd*)) that established a categorical warrant exception for the hot pursuit of misdemeanor suspects. The People thus assert the exclusionary rule does not

4

require suppression of the evidence recovered from defendant's home after the officer's illegal entry. (See *Lange v. California, supra*, at p. 491.)

Defendant counters that the People forfeited the right to rely on an exception to the exclusionary rule as a basis for affirming the lower court order by failing to raise it as an issue in the trial court or in this court when his case first went up on appeal. Alternatively, defendant disputes the People's premise that *Lloyd* qualifies as "binding appellate precedent" authorizing the officer's warrantless entry under the good faith exception.

We begin with the applicable law.

## I.     *The Good Faith Exception to the Exclusionary Rule.*

" 'In California, issues relating to the suppression of evidence derived from governmental searches and seizures are reviewed under federal constitutional standards.' [Citations.] ' " 'We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment.' " ' [Citations.]" (*People v. Macabeo* (2016) 1 Cal.5th 1206, 1212 (*Macabeo*).)

"Exclusion of evidence due to a Fourth Amendment violation is not automatic. . . . The Fourth Amendment protects the right to be free from "unreasonable searches and seizures," but it is silent about how this right is to be enforced. To supplement the bare text, this Court created the exclusionary rule, a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation.' (*Davis v. United States* (2011) 564 U.S. 229, 231–232 [180 L.Ed.2d 285, 131 S.Ct. 2419] (*Davis*).) 'The rule . . . operates as "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its

5

deterrent effect, rather than a personal constitutional right of the party aggrieved." ' (*United States v. Leon* (1984) 468 U.S. 897, 906 [82 L.Ed.2d 677, 104 S.Ct. 3405] (*Leon*).)" (*Macabeo, supra*, 1 Cal.5th at pp. 1219–1220.)

The exclusionary rule is, however, limited. "[T]he '[t]ruth-in-[e]vidence' provision of the California Constitution (art. I, § 28, subd. (f)(2) [formerly subd. (d)]) . . . prohibits application of the exclusionary rule to evidence gathered in violation of state law unless exclusion is compelled by the federal Constitution." (*People v. Mackey* (2015) 233 Cal.App.4th 32, 97 (*Mackey*).) Under federal law, "[t]he high court has recognized that the deterrent purpose of the rule is not served by excluding evidence when an officer reasonably acts in objective good faith." (*Macabeo, supra*, 1 Cal.5th at p. 1220.) " ' "If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." ' (*Leon*[*, supra*, 468 U.S.] at p. 919, quoting *United States v. Peltier* (1975) 422 U.S. 531, 542 [45 L.Ed.2d 374, 95 S.Ct. 2313].)" (*Macabeo, supra*, 1 Cal.5th at p. 1220.)

Thus, the Supreme Court in *Davis, supra*, 564 U.S. 229, held that "[e]vidence obtained during a search conducted in reasonable reliance on binding appellate precedent [that is later overruled] is not subject to the exclusionary rule," as "suppression would do nothing to deter police misconduct in [those] circumstances . . . ." (*Id.* at pp. 231, 241.) In *Davis*, because appellate authority specifically authorized the officer's search of the defendant's vehicle, the Supreme Court noted that the "deterrent effect of exclusion . . . [could] only be to discourage the officer from ' "do[ing] his

6

duty." ' " (*Id*. at p. 241, 1st bracketed insertion added.) Under such circumstances, the exclusionary rule was not applicable. (*Ibid*.)

## II.   *The forfeiture doctrine is not applicable here.*

Applying these principles, we begin by rejecting defendant's claim that the People forfeited the right to raise the good faith exception as a basis for affirming the lower court's order because they failed to do so until opposing his petition in the Supreme Court. "Ordinarily, the prosecution cannot justify a search or seizure on appeal on a theory that was not presented to the trial court." (*People v. Watkins* (1994) 26 Cal.App.4th 19, 30 (*Watkins*).)

This forfeiture rule has exceptions. Mainly, it "does not apply if the considerations that give rise to it are absent. 'The obvious reason for th[e] rule is to prevent "hunch" arrests on the street, based on nothing more than confidence that a smart prosecutor will discover a legal basis in the courtroom.' [Citation.] Thus, a theory which assumes illegal police conduct but nevertheless sustains the search or seizure, such as inevitable discovery, may be raised for the first time on appeal." (*Watkins, supra*, 26 Cal.App.4th at pp. 30–31.)

That is the case here. Before defendant petitioned the Supreme Court for certiorari, the People relied on the now invalidated holding in *Lloyd, supra*, 216 Cal.App.3d 1425, accepted by this court and the trial court, that the search was legal because it followed Officer Weikert's hot pursuit of a fleeing misdemeanant (i.e., defendant). As such, the People were not required to raise the good faith exception as an alternative theory. The good faith exception assumes an illegal search, which the People did not concede in the trial court or when the case was first heard on appeal. (*Watkins, supra*, 26 Cal.App.4th at pp. 30–31.)

7

In addition, the forfeiture rule is inapplicable where, as here, " 'there does not appear to be any further evidence that could have been introduced to defeat the theory in the trial court and therefore the question of application of the new ground to a given set of facts is a question of law.' "[1] (*Watkins, supra*, 26 Cal.App.4th at p. 31.)

Under these circumstances, we decline to find forfeiture and proceed to the merits.

### III. *The good faith exception applies.*

The People rely on *Lloyd, supra*, 216 Cal.App.3d 1425, to argue "binding appellant precedent" authorized Officer Weikert's warrantless entry into defendant's home. *Lloyd* held that "a suspect may not defeat a detention or arrest which is set in motion in a public place by fleeing to a private place." (*Lloyd, supra*, at p. 1430.) Further, where "the pursuit into the home was based on an arrest set in motion in a public place, the fact that the offenses justifying the initial detention or arrest were misdemeanors is of no significance in determining the validity of the entry without a warrant." (*Ibid.*) A few years later, the Fourth Appellate District reached the same result. (See *In re Lavoyne M.* (1990) 221 Cal.App.3d 154, 159 [following *Lloyd* to hold the "hot pursuit of minor into his house to prevent him from frustrating an arrest [for traffic violations] that began in public provides an exception to the warrant requirement"].)[2]

---

[1] We address the lack of a need for further evidence *post*, at pages 10–12.

[2] The People also cite a pre-*Lloyd* case (*People v. Abes* (1985) 174 Cal.App.3d 796, 806–807) for the position that a "categorical hot pursuit exception applied to misdemeanor offense of being under the influence of PCP." In *People v. Abes*, the officer also had reason to believe there was a PCP lab operating in the home into which the suspect retreated, and that a warrantless entry was necessary to prevent the destruction of evidence and to

8

In *Stanton v. Sims* (2013) 571 U.S. 3, 9–10 (*Stanton*), the Supreme Court expressly acknowledged that the hot pursuit exception in California extended to both felony and misdemeanor suspects, citing *Lloyd* and *Lavoyne M.* There, the issue was whether the Ninth Circuit Court of Appeals correctly decided that a California police officer was " 'plainly incompetent' " to pursue a fleeing misdemeanant into his home. Reversing, the Supreme Court found it "especially troubling that the Ninth Circuit would conclude that Stanton was plainly incompetent—and subject to personal liability for damages—based on actions that were lawful according to courts in the jurisdiction where he acted," referring to *Lloyd* and *Lavoyne M.* (*Stanton, supra*, 571 U.S. at pp. 9–10.)

Clearly, *Lange v. California, supra*, changed this California law when it rejected a categorical rule permitting warrantless entry in hot pursuit cases involving misdemeanor suspects.[3] (210 L.Ed.2d at p. 491.) Nonetheless, at

---

protect public safety. (*Ibid.*) Nonetheless, the court went on to hold that "if it can be said that Sergeant McCormick had reasonable cause to arrest Luna only for being under the influence of PCP, the fact it was a misdemeanor is of no significance in determining the validity of the entry without a warrant." (*Id.* at p. 807.)

[3] Prior to *Lange v. California*, our own Supreme Court expressed a preference for case-by-case assessments rather than categorical rules when undertaking a Fourth Amendment analysis in a case involving warrantless entry to effect a DUI arrest in order to prevent the destruction of blood-alcohol evidence. In *People v. Thompson* (2006) 38 Cal.4th 811, 824, the California Supreme Court rejected a bright-line rule limiting warrantless entries to felonies, in part because it " 'would send a message to the "bad man" who drinks and drives that a hot pursuit or arrest set in motion can be thwarted by beating the police to one's door.' " The court cautioned, however, that in "holding that exigent circumstances justified the warrantless entry here, we need not decide—and do not hold—that the police may enter a home without a warrant to effect an arrest of a DUI suspect in *every* case. We hold

9

the time Officer Weikert entered defendant's home without a warrant, *Lloyd* and *Lavoyne M.* were "binding appellate precedent" in California. As such, as the high court instructs, "when the police conduct a search in objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply." (*Davis, supra*, 564 U.S. at pp. 249–250; see *Mackey, supra*, 233 Cal.App.4th at pp. 94–96 [despite the Supreme Court's recent adoption of a new law, "[t]he holding in [*People v. Zichwic* (2001) 94 Cal.App.4th 944, 953–956,] was . . . binding California precedent upon which the police could reasonably rely in 2007, when they installed a GPS device on [defendant's] vehicle"].)

Interestingly, *Lloyd, supra*, 216 Cal.App.3d at pages 1428–1429, relied for its holding on *United States v. Santana* (1976) 427 U.S. 38, 42–43. *Santana* held only that an officer can gain warrantless entry into the home of a *fleeing felon* without violating the Fourth Amendment. "[Although] *Santana* involved a felony suspect, [the Supreme Court] did not expressly limit [its] holding based on that fact." (*Stanton, supra*, 571 U.S. at p. 9; see *Lange v. California, supra*, 210 L.Ed.2d at p. 495 ["neither *Santana* nor any other decision [before today] had resolved the [law regarding warrantless entry in hot pursuit of a fleeing misdemeanant] one way or the other"].) As such, *Santana* does not squarely support *Lloyd*'s holding. (*People v. Knoller* (2007) 41 Cal.4th 139, 155 [" 'An appellate decision is not authority for everything said in the court's opinion but only "for the points actually involved and actually decided" ' "].) Yet, this fact does not negate the precedential value of *Lloyd* and *Lavoyne M.*, which remained good law in

merely that the police conduct here, taking into account all of the circumstances, was reasonable . . . ." (*Id.* at p. 827.)

10

California until the Supreme Court decided *Lange v. California*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Moreover, relying on this now invalidated appellate precedent to apply the good faith exception in this case fully aligns with the policies underlying our Supreme Court Fourth Amendment jurisprudence. "A police officer who acts in compliance with binding judicial precedent is 'not culpable in any way.' (*Davis v. United States, supra*, 564 U.S. at [pp. 239–240].) "If the exclusionary rule were applied in that context, it would deter 'conscientious police work,' not police misconduct." (*Mackey, supra*, 233 Cal.App.4th at p. 95, citing *Davis, supra*, 564 U.S. at p. 241.)

Defendant counters there is no evidence in this record to establish Officer Weikert was even aware of *Lloyd* or *Lavoyne M.*, much less that he relied on them when deciding to enter defendant's home without a warrant. According to defendant, had the People raised this issue in a timely fashion, he would have been on fair notice of the need to investigate the officer's familiarity with these cases.

Defendant's arguments misstate the law. "[The good faith reliance] doctrine is objective, fact-based, and limited. 'Accordingly our good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal . . . .' " (*Macabeo, supra*, 1 Cal.5th at pp. 1221–1222.) When undertaking this inquiry, we presume "[r]esponsible law-enforcement officers will take care to learn 'what is required of them' under Fourth Amendment precedent and will conform their conduct to these rules. [Citation.]" (*Davis, supra*, 564 U.S. at p. 241; see *Leon, supra*, 468 U.S. at pp. 919–920 & fn. 20 ["The objective standard we adopt . . . requires officers to have a reasonable knowledge of what the law prohibits"].)

11

Under these principles, " ' "evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, *or may properly be charged with knowledge*, that the search was unconstitutional under the Fourth Amendment." ' (*Leon*[*, supra*, 468 U.S.] at p. 919 [citation].)" (*Macabeo, supra*, 1 Cal.5th at p. 1220, italics added.) Here, Officer Weikert may not properly be charged with knowledge that his warrantless entry into defendant's home violated the Fourth Amendment given that multiple California cases—good law at the time—authorized warrantless entry in cases, such as this one, involving the hot pursuit of a fleeing misdemeanant. (See *Macabeo, supra*, 1 Cal.5th at p. 1212 [reviewing court exercises its independent judgment on the trial court's express and implied factual findings that are supported by substantial evidence].)

Accordingly, for the reasons stated, we conclude the officer "followed binding state appellate law when he entered the garage in pursuit of [defendant] . . . ." The exclusionary rule therefore does not require exclusion of the evidence seized in defendant's home, even though under the new law established in *Lange v. California, supra*, 210 L.Ed.2d at pages 500–501, seizure of this evidence was a violation of his Fourth Amendment rights.

## DISPOSITION

The order denying defendant's motion to suppress is affirmed.

_____
Jackson, P. J.

WE CONCUR:


_____
Simons, J.


_____
Burns, J.


A157169/*People v. Arthur Gregory Lange*


13

A157169/People v. Arthur Gregory Lange

Trial Court:        Superior Court of Sonoma County

Trial Judge:        Marjorie L. Carter

Counsel:        Peter Goodman for Defendant and Appellant.

                Xavier Becerra and Rob Bonta, Attorneys General, Jeffrey M. Laurence, Assistant Attorney General, Laurence K. Sullivan and Donna M. Provenzano, Deputy Attorneys General, and Kimberly M. Castle, Deputy State Solicitor General, for Plaintiff and Respondent.